IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-03340-CMA-STV

PETER GEORGE NOE,

    Plaintiff,

v.

MS SEROSKI,
DR OBA,
MS FELLOWS,
MS DUNN,
US GOVERNMENT,
MS NOTT, and
EMT HUDDLESTON,

    Defendants.

---

### ORDER GRANTING MOTION TO DISSMISS ACTION IN PART AND CONSOLIDATE IN PART

---

This matter is before the Court on Plaintiff Peter George Noe's Unopposed Motion to Dismiss Action in Part and Consolidate in Part. (Doc. # 156.) For the following reasons, the court grants the Motion.

In 2021, Mr. Noe, a prisoner at the United States Penitentiary ADMAX, proceeding *pro se*, initiated this action (*Noe I*) against Defendant United States of America and Defendants P.A. Seroski, Dr. Oba, R.N. Fellows, R.N. Dunn, R.N. Nott, and EMT Huddleston (collectively, "Individual Defendants"). (Doc. # 1.) In his operative, Second Amended Complaint, Mr. Noe alleges that Defendants provided him with negligent and deliberately indifferent medical care in the treatment of bladder and back

issues, resulting in worsening conditions and pain. *See generally* (Doc. # 102.) Accordingly, Mr. Noe brought two claims, (1) a Deliberate Indifference *Bivens* action pursuant to the Eighth Amendment against the Individual Defendants (*id.* at 7–22) ("Claim One"), and (2) a medical malpractice claim under the Federal Tort Claims Act ("FTCA") against the United States (*id.* at 23–29) ("Claim Two"). As required by the FTCA, the basis of Claim Two was administratively presented to the United States on May 10, 2021. *See* (Doc. # 34 at 45.) The Government denied the claim. *See* (Doc. # 102 at 23.)

Following May 10, 2021, Mr. Noe alleges he continued to receive negligent and unconstitutional medical care for the same or similar issues—forming the basis of a second administrative FTCA claim, presented to the United States Government on July 15, 2022. (Case No. 23-cv-00695-NYW-STV ("*Noe II*"), Doc. # 1 at ¶¶ 18–68.) On September 19, 2022, the Government also denied this claim. (*Id.* at ¶ 16.) The law does not permit Mr. Noe to amend the complaint in the instant action to add his second exhausted FTCA claim. *See, e.g.*, *Hill v. Pugh*, 75 F. App'x 715, 717 (10th Cir. 2003). Therefore, Mr. Noe—now represented—filed a second lawsuit, *Noe II*, based on this second FTCA claim. *See Noe v. United States of America*, *et al.*, Case No. 23-cv-00695-NYW-STV. In *Noe II*, Mr. Noe brings a *Bivins* claim against two of the Individual Defendants for the same or similar allegedly deficient medical treatment. (Case No. 23-cv-00695-NYW-STV, Doc. # 1 at ¶¶ 86–100.)

Mr. Noe now seeks to dismiss Claim One of the instant lawsuit and to consolidate Claim Two with *Noe II*. (Doc. # 156 at 2.) Mr. Noe asserts that consolidation

of Claim Two is appropriate because the bases of both *Bivens* actions "are similar enough that [he] feels confident proceeding solely with the *Bivins* claim in *Noe II*" but does not want to open that claim up to potential lack-of-exhaustion and/or successiveness defenses from Defendant United States. (*Id.* at 2–3.) Mr. Noe states that the two FTCA claims share many common questions of law and fact and will rely on the testimony of nearly all the same witnesses. (*Id.* at 3–4, 6.) Defendants do not oppose the Motion. (*Id.* at 1.)

The determination of whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Rule 42(a) allows the Court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 Charles Alan Wright, et al., *Fed. Prac. & Proc.* § 2381 at 427 (2d ed. 1995)). The decision whether to consolidate cases is committed to this Court's sound discretion. *Adams v. Veolia Transp.*, No. 11-cv-02491-PAB-KMT, 2012 WL 171470, at *1 (D. Colo. Jan. 20, 2012) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

The Court finds that common questions of law and fact, including common parties and common claims, predominate in these two cases such that consolidation is appropriate and efficacious. Additionally, the Court finds that consolidation of these two cases will avoid unnecessary costs and delays and will advance judicial economy and fairness.

For the foregoing reasons, the Court ORDERS as follows:

- Plaintiff Peter George Noe's Unopposed Motion to Dismiss Action in Part and Consolidate in Part (Doc. # 156) is GRANTED;

- Claim One in 21-cv-03340-CMA-STV against Defendants P.A. Seroski, Dr. Oba, R.N. Fellows, R.N. Dunn, R.N. Nott, and EMT Huddleston is DISMISSED;

- Defendants R.N. Fellows, R.N. Dunn, R.N. Nott, and EMT Huddleston are DISMISSED from this case;

- Case No. 23-cv-00695-NYW-STV, currently pending before Judge Nina Y. Wang, is hereby consolidated into the instant case for all purposes pursuant to Federal Rule of Civil Procedure 42(a) and D.C.COLO.LCIvR 42.1;

- All future documents in these consolidated actions shall be filed in the lowest numbered case only and shall be captioned as follows:

Civil Action No. 21-cv-03340-CMA-STV
(Consolidated with Civil Action No. 23-cv-00695-CMA-STV)

DATED: October 4, 2023

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge