**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-03340-CMA-STV
(Consolidated with Civil Action No. 23-cv-00695-CMA-STV)

PETER GEORGE NOE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
JENNIFER SEROSKI, and
DR D. OBA,

    Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTION AND AFFIRMING FEBRUARY 5, 2024 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on the February 5, 2024 Recommendation (Doc. # 188) of United States Magistrate Judge Scott T. Varholak, wherein Judge Varholak recommends granting Defendants Dr. D. Oba and Jennifer Seroski's (collectively "Individual Defendants") Motion (Doc. # 160) to Dismiss *Bivens* Claims. Plaintiff Peter George Noe, objects to that Recommendation. (Doc. # 189.) For the following reasons, the Court overrules Mr. Noe's Objection and affirms Judge Varholak's Recommendation.

**I.    BACKGROUND**

    Judge Varholak's Recommendation provides a thorough recitation of the factual and procedural background of this case. (Doc. # 188 at 2–6.) The Recommendation is

incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the Court will reiterate only the facts necessary to address Mr. Noe's Objection.

This litigation revolves around medical care, and the alleged lack thereof, provided to Mr. Noe between fall 2020 and late 2022, while incarcerated at the United States Penitentiary ADMAX in Florence, Colorado. *See generally* (Doc. # 1.) At all relevant times the Individual Defendants were medical providers employed or contracted by the Federal Bureau of Prisons ("BOP") and responsible for meeting Mr. Noe's medical needs. (*Id.* at ¶¶ 7–8.) Mr. Noe brings two claims for relief: (1) negligence pursuant to the Federal Tort Claims Act against the United States; and (2) deliberate indifference to serious medical needs in violation of Mr. Noe's Eighth Amendment rights against Dr. Oba and Ms. Seroski in their individual capacities. (*Id.* at ¶¶ 69–100.) Mr. Noe brings this second claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and alleges that the Individual Defendants failed to provide timely medical care and deliberately chose not to take appropriate medical action despite knowledge of a substantial risk of serious harm to Mr. Noe. (*Id.* at ¶ 87.)

On October 11, 2023, the Individual Defendants filed the instant partial Motion to Dismiss seeking to dismiss the *Bivens* claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. # 160.) Following full and supplemental briefing, Judge Varholak issued his Recommendation on February 5, 2024. (Doc. # 188.) Judge

Varholak recommends that the Motion be granted and that Mr. Noe's claims against the Individual Defendants be dismissed with prejudice. (*Id.* at 18.)

Mr. Noe, represented by counsel, timely filed an Objection on February 20, 2024. (Doc. # 189.) Defendants responded on March 5, 2024. (Doc. # 190.) Thus, the matter is ripe for review.

## II.  LEGAL STANDARDS

### A.  REVIEW OF A MAGISTRATE JUDGE'S RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). To be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

### B.  FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The

3

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

### III.   ANALYSIS

In his Recommendation, Judge Varholak quoted extensively from a previous recommendation from one of Mr. Noe's earlier cases in which Judge Varholak considered the availability of a *Bivens* remedy under similar circumstances, *Noe v.*

*United States*, No. 21-CV-01589-CNS-STV, 2022 WL 18587706 (D. Colo. Dec. 14, 2022), *report and recommendation adopted*, No. 21-CV-01589-CNS-STV, 2023 WL 179929 (D. Colo. Jan. 13, 2023), *aff'd*, No. 23-1025, 2023 WL 8868491 (10th Cir. Dec. 22, 2023) (unpublished) ("*Noe I*"). In *Noe I*, Mr. Noe brought an Eighth Amendment deliberate indifference claim against individual dental and medical providers for allegedly inadequate medical treatment. *Noe I*, 2023 WL 8868491 at *1.

The quoted portion of the *Noe I* recommendation laid out in detail the history of the United States Supreme Court's *Bivens* jurisprudence, from creation, to expansion, to constriction. (Doc. # 188 at 7–11 (quoting *Noe I*, 2022 WL 18587706, at *5–*7).) As important to the instant case, Judge Varholak noted that *Carlson v. Green*, 446 U.S. 14 (1980), established Eighth Amendment deliberate indifference claims arising out of inadequate medical treatment as one of only three categories of recognized *Bivens* actions. (Doc. # 188 at 9 (quoting *Noe I*, 2022 WL 18587706, at *6).) When *Bivens* actions began to be judicially disfavored, however, the Supreme Court instructed district courts to apply a two-step approach for determining whether a plaintiff could seek damages for constitutional violations by federal officials:

> First, the Court asked whether the case presented 'a new *Bivens* context' such that it was 'different in a meaningful way from' . . . *Carlson*. [*Ziglar v. Abassi*, 582 U.S. 120, 122 (2017)]. If so, then the Court examined whether there was any alternative remedial structure present or other 'special factor counselling hesitation' in creating an implied damages remedy. *Id.* at [136].

(Doc. # 188 at 9 (quoting *Noe I*, 2022 WL 18587706, at *6).)

Judge Varholak then explained that in *Egbert v. Boule*, 596 U.S. 482 (2022), the Supreme Court again "tightened the vice around *Bivens*." (Doc. # 188 at 9 (quoting *Noe*

5

*I*, 2022 WL 18587706, at *7).) Judge Varholak went on to analyze *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022), the then-most recent guidance from the United States Court of Appeals for the Tenth Circuit regarding *Egbert*:

> In providing guidance on how courts in this Circuit are to apply *Egbert*, the Tenth Circuit has explained that expanding *Bivens* "is an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140; *see also id.* at 1140-41 (noting the similarity between the facts in *Egbert* and those in *Bivens*, and questioning whether any circumstances could exist where there would be no reason to think that Congress was better equipped than the courts to create a cause of action). The Tenth Circuit stated that "the Supreme Court appeared to alter the existing two-step *Bivens* framework" and "emphasize[d] what [it] view[ed] as the key takeaway from *Egbert*, namely, that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs.'" *Id.* at 1139, 1141 (quoting *Egbert*, 142 S. Ct. at 1804) (emphasis in original). The Tenth Circuit then held that the existence of the BOP Administrative Remedy Program constituted an adequate alternative remedy that foreclosed the plaintiff's *Bivens* claim against a BOP corrections officer. *Id.* at 1141. The Tenth Circuit declined to address whether there was any reason to think that Congress might be better equipped to create a damages remedy with respect to the plaintiff's claim. *Id.* at 1141 n.5.

(Doc. # 188 at 11 (quoting *Noe I*, 2022 WL 18587706, at *8) (modifications in the recommendation maintained).)

Relying on this case law, and on the Tenth Circuit's affirmance of *Noe I*, Judge Varholak concluded that *Egbert*, as interpreted by the Tenth Circuit,

> eviscerates the availability of a *Bivens* remedy for individuals in BOP custody who bring claims that fall within the scope of the BOP Administrative Remedy Program—such as [Mr. Noe]. This is true regardless of any factual similarity between an inmate's claim and those presented in . . . *Carlson*. *Silva* solidifies this interpretation within the Tenth Circuit, as reiterated by that court in *Noe* [*I*].

6

(Doc. # 188 at 15 (footnote omitted).) Judge Varholak recognized Mr. Noe's arguments that (1) *Egbert* did not alter the two-step approach directed by *Ziglar*, (2) numerous courts (mostly outside the Tenth Circuit) have permitted *Bivens* deliberate indifference claims against medical providers to proceed,[1] and (3) the Tenth Circuit's decision in *Noe I* is unpublished and not precedential. (*Id.* at 16 (citing Doc. # 174 at 8–12, n.2.)) Despite these arguments, and a recognition of the "fundamentally unjust legal state of affairs" that flows from his legal reasoning, Judge Varholak concluded that he "simply [could not] agree that, under *Egbert* and *Silva*, the factual similarities between this case and *Carlson* suffice to allow a *Bivens* claim to proceed." (*Id.* at 16–17 (quoting *Straker v. Stancil*, No. 20-CV-3478-WJM-STV, 2023 WL 4962147, at *4 (D. Colo. Aug. 3, 2023).)

---

[1] Mr. Noe points to two cases from this district which support his position that *Egbert*, as interpreted by the Tenth Circuit in *Silva*, did not alter the sequential two-step analysis prescribed by *Ziglar*: (1) *Straker v. Stancil*, No. 20-cv-3478-WJM-STV, 2023 WL 4962147, at *4 (D. Colo. Aug. 3, 2023), and (2) *Smith v. Trujillo*, No. 20-cv-0877-RBJ-STV, 2023 WL 5434715, at *3 (D. Colo. April 27, 2023). *Smith* asserted that, "[i]f (and only if) the circumstances at issue present 'meaningful differences' from those [three] established [*Bivens*] contexts, the court then assesses whether any special factors counsel hesitation in implying a remedy." 2023 WL 5434715, at *3 (citing *Silva*, 45 F.4th at 1139). However, the court then concluded that *Silva* squarely precluded Mr. Smith's Eighth Amendment excessive force claim because *Silva* "implies the proposition that all excessive force claims (or at the very least, those factually analogous to *Silva*) present new *Bivens* contexts," and thus fail under *Ziglar's* first step. *Id. Straker* concluded that a *Bivens* remedy was available for plaintiff's Eighth Amendment claim of deliberate indifference to inadequate medical care because such claims had been "explicitly recognized as a viable *Bivens* action in *Carlson*," 2023 WL 4962147, at *3 (citing *Egbert*, 596 U.S. at 490–91), but that the plaintiff had failed to adequately counter defendants' assertions of qualified immunity. *Id.* at *5–*6.

For the reasons outlined below, the Court disagrees with *Smith* and *Straker's* reading of *Egbert* as interpreted by the Tenth Circuit in *Silva*. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011); *see also United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by [Tenth Circuit] decisions and those of the United States Supreme Court Court—they are not bound by decisions of other district courts"). Further, in this Court's view, any doubts remaining on the issue of whether *Ziglar's* two-step framework remained intact following *Egbert* and *Silva* was dispelled by *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024), which post-dates both *Smith* and *Straker*.

7

On the same day that Judge Varholak issued his Recommendation, the Tenth Circuit published another case, *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352 (10th Cir. 2024), which relied on *Egbert* to conclude that a *Bivens* remedy did not exist for Mr. Logsdon. Summarizing its understanding of *Egbert*, the Tenth Circuit stated:

> Without explicitly overruling its three acknowledged precedents [that established *Bivens* remedies in similar contexts], the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped to create a damages remedy. . . . And the circumstances in which the answer to the question is "no" appears to comprise a null set.

91 F.4th at 1355 (quoting *Egbert*, 596 U.S. at 492, and citing *id.* at 503 (Gorsuch, J., concurring)). The Tenth Circuit went on to say, "perhaps even more striking, the [Supreme] Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent." *Id.* Such a reason includes, in the Tenth Circuit's reading, the existence of an alternative remedial process which was not considered in the precedential case. *Id.* at 1356–57.

Following its summary of *Egbert*, the Tenth Circuit in *Logsdon* "conclude[ed their] analysis should focus on that single question," *id.* at 1357, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.* (quoting *Egbert*, 596 U.S. at 492). The Tenth Circuit then found three features of *Logsdon* that meaningfully differed from *Bivens*, one of which was "the existence of other remedies for misconduct." *Id.* at 1357. The Tenth Circuit explained that *Egbert* instructed:

8

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy."

*Id.* at 1359 (quoting *Egbert*, 596 U.S. at 498) (omission of internal quotation marks maintained). Even though Mr. Logsdon argued that the alternative remedial process available to him was ineffective, and existed prior to *Bivens*, the Court concluded such arguments were inapposite because, under *Ziglar*, "a departure from the *Bivens* precedents may be justified by the 'presence of potential special factors that previous *Bivens* cases did not consider.'" *Id.* at 1360–61 (quoting *Ziglar*, 582 U.S. at 140). Accordingly, the Tenth Circuit affirmed the district court's dismissal of Mr. Logsdon's *Bivens* action. *Id.* at 1361.

Mr. Noe objects to the Recommendation's conclusion that his Eighth Amendment deliberate indifference claim against the Individual Defendants should be dismissed for lack of a *Bivens* remedy. Mr. Noe asserts that this claim should be allowed to proceed because it "does not meaningfully differ from *Carlson v. Green*, 446 U.S. 14 (1980), [and] the analysis ends there, without consideration of whether an adequate alternative remedy exists." (Doc. # 189 at 2.) Mr. Noe argues that Judge Varholak's legal reasoning errs because (1) *Noe I* was wrongly decided and departed from *Egbert* which did not overrule the two-step framework, and (2) *Silva* did not overrule *Ziglar* because *Silva* sought to expand *Bivens* and therefore "addressed the second step of the inquiry in determining whether the claim could move forward; it did not collapse the steps into

one." (*Id.* at 2 (quoting *Silva*, 45 F.4th at 1139–40).) Mr. Noe does not address *Logsdon* in his objection.

Despite Mr. Noe's arguments to the contrary, and despite his contrasting caselaw, the Tenth Circuit explicitly reads *Egbert* as "appear[ing] to alter the existing [*Ziglar*] two-step *Bivens* framework." *Silva*, 45 F.4th at 1139. Thus, reading *Egbert* together with *Silva*—as is required of this Court—the Court sees two potential avenues for district courts in the Tenth Circuit: either (1) the two *Ziglar* questions remain, but following *Egbert*, the order of consideration is immaterial because an affirmative answer to either provides an "independent reason" to deny a *Bivens* remedy, or (2) the two questions have collapsed into one because the existence of an "alternative remedial structure" or other "special factors" not considered in *Bivens*/*Carlson* is both a "meaningful difference" and an indication that "Congress might be better equipped to create a damages remedy." *Ziglar*, 582 U.S. at 122, 136; *Egbert*, 596 U.S. at 492; *Silva*, 45 F.4th at 1141 n.5; 91 F.4th at 1357.

In *Logsdon*, although not explicitly mandating one of these analytical frameworks, the Tenth Circuit clearly indicates a preference for the latter. 91 F.4th at 1357 ("In this case we conclude our analysis should focus on that single question.") Of course, whichever framework is used, the outcome in this case is the same, the existence of an alternative remedial process not considered in *Carlson*—including the BOP Administrative Remedy Program—forecloses the availability of *Bivens* to plaintiffs seeking damages for constitutional violations by federal officials. *Silva*, 45 F.4th at 1141; *Noe I*, 2023 WL 8868491, at *3; *see also Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 74

10

(2001) (explaining that *Bivens* relief was unavailable where a federal prisoner could, amongst other options, file grievances through the Administrative Remedy Program).

Mr. Noe does not dispute that his allegations of deliberately indifferent medical care fall within the BOP's Administrative Remedy Program. *See generally* (Doc. # 190.) Pursuant to the case law outline above, the Court has no choice but to dismiss Mr. Noe's *Bivens* claim against Dr. Oba and Ms. Seroski. *See Rhodes*, 834 F. App'x at 462. The Court adds its voice to those of its colleagues in calling on Congress to "act promptly to rectify this gaping void in the remedies available to federal prisoners subjected to unconscionable misconduct on the part of federal corrections officers." *Straker*, 2023 WL 4962147, at *4.

### IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff Peter George Noe's Objection (Doc. # 189) is OVERRULED;
- the February 5, 2024 Recommendation of United States Magistrate Judge (Doc. # 188) is AFFIRMED AND ADOPTED;
- the Defendants Dr. D. Oba and Jennifer Seroski's Motion to Dismiss (Doc. # 160) is GRANTED; and

- Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim against the Individual Defendants brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is DISMISSED WITH PREJUDICE.

DATED: April 4, 2024

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
Senior United States District Judge