**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 21-cv-03340-CMA-STV
(Consolidated with Civil Action No. 23-cv-00695-CMA-STV)

PETER GEORGE NOE,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT**

---

      This matter is before the Court on Defendant United States of America's ("Defendant") Motion to Exclude Testimony of Plaintiff's Retained Expert, Kimberly A. Cullen, MD (Doc. # 210) and Motion for Summary Judgment (Doc. # 211). For the following reasons, the Motion for Summary Judgment is granted in part and denied in part, and the Motion to Exclude is denied.

## I.    <u>BACKGROUND</u>

      This litigation revolves around medical care, and the alleged lack thereof, provided to Plaintiff Peter George Noe between fall 2020 and late 2022, while incarcerated at the United States Penitentiary ADMAX in Florence, Colorado. *See generally* (Doc. # 35, Am. Compl.). At all relevant times Jennifer Seroski, PA, and Dr. David Oba were medical providers employed or contracted by the Federal Bureau of Prisons ("BOP") and responsible for meeting Mr. Noe's medical needs. (*Id.* at ¶¶ 7–8.)

Mr. Noe has one claim for relief remaining: negligence pursuant to the Federal Tort

Claims Act against the United States. *See* (Doc. # 191, Order dismissing Pl.'s other

claims).

Defendant filed a Motion to Exclude Testimony of Plaintiff's Retained Expert,

Kimberly A. Cullen, MD, arguing that Dr. Cullen does not qualify as an expert and that

her testimony does not meet the reliability requirements of Federal Rule of Evidence

702. *See* (Doc. # 210). Defendant also seeks summary judgment on Mr. Noe's claim on

two bases: (1) Mr. Noe failed to exhaust his administrative remedies on part of his

FTCA medical negligence claim for all alleged negligence occurring after July 7, 2022;

and (2) because Dr. Cullen is not an expert witness under Federal Rule of Evidence

702, Mr. Noe lacks sufficient, admissible expert evidence to establish his FTCA medical

negligence claim. *See* (Doc. # 211).

## II.     <u>LEGAL STANDARD</u>

## A.     SUMMARY JUDGMENT

Summary judgment is warranted when "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper

disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*,

259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such

that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v.

Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for

summary judgment, a court must view the evidence in the light most favorable to the

non-moving party. *See id.* However, conclusory statements based merely on conjecture,

speculation, or subjective belief do not constitute summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cnty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

## B.    FEDERAL RULE OF EVIDENCE 702

Federal Rule of Evidence 702 states as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Thus, in determining whether a witness may testify as an expert, the court must perform a two-step analysis; after determining whether the expert is qualified, the specific proffered opinions must be assessed for reliability. *See Basanti v. Metcalf*, 35 F. Supp. 3d 1337, 1341 (D. Colo. 2014). "[P]roponents 'do not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable . . . The evidentiary requirement of reliability is lower than the merits standard of correctness.'" Advisory Committee Note to the 2023 amendment to Rule 702 (citing Advisory Committee Note to the 2000 amendment to Rule 702, quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994)).

The Tenth Circuit has explained:

> Rule 702 imposes a special gatekeeping obligation on the trial judge to ensure that an opinion offered by an expert is reliable. As the Supreme Court made clear in *Kumho*, where [expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question ... the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of [the relevant] discipline. The trial judge has broad discretion to determine reliability in light of the particular facts and circumstances of the particular case. The trial judge enjoys equally broad discretion in both deciding how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability.

*United States v. Velarde*, 214 F.3d 1204, 1208–09 (10th Cir. 2000) (internal quotation marks and citations omitted). "[T]he usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial." *AG of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009). "Ultimately, the test requires that the expert 'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Basanti*, 35 F. Supp. 3d at 1342 (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).

### III.    <u>ANALYSIS</u>

### A.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The parties agree that Mr. Noe submitted a SF-95 on or about August 27, 2024 related to his medical negligence allegations after July 7, 2022, and that BOP has not yet issued a decision letter in response. *See* (Docs. ## 221 at 5, 12 & 228 at 1, 5). Therefore, Mr. Noe concedes that this Court should dismiss the part of his FTCA medical negligence claim that is based on allegations relating to conduct by Defendant's employees after July 7, 2022. *See* (Doc. # 221 at 13). Defendant agrees that this dismissal should be without prejudice. *See* (Doc. # 228 at 6) (citing *Gabriel v. United States*, 683 F. App'x 671, 674 (10th Cir. 2017) (holding that dismissal for failure to exhaust under the FTCA should be "without prejudice").

Thus, this Court grants in part Defendant's Motion for Summary Judgment, dismissing without prejudice the portion of Mr. Noe's claim relating to alleged medical negligence after July 7, 2022, for failure to exhaust administrative remedies under the FTCA.

B.     **EXPERT TESTIMONY OF DR. KIMBERLY CULLEN**

1.   Dr. Cullen's qualifications

Defendant first attacks Dr. Cullen's qualifications as an expert, highlighting her limited experience, including no experience in the correctional medical context, and non-practicing status at the time of her deposition. *See* (Doc. # 210 at 2). Mr. Noe counters with detailing Dr. Cullen's education, training, and experience, which includes a medical degree from the University of Massachusetts Medical School, a three-year family medicine residency at Swedish Family Medicine – First Hill in Seattle, Washington, and seven years of experience treating patients, including managing a team of five clinicians and supporting clinical staff in a primary care clinic with over 12,000 patient visits per year. *See* (Doc. # 220 at 5). Dr. Cullen has been Board certified in Family Medicine since 2018 and licensed in Colorado since 2018. (*Id.*) Mr. Noe also highlights that Dr. Cullen testified in her deposition that she "regularly" diagnosed and treated UTIs, and probably saw "hundreds" of patients treated or tested for UTIs, as well as diagnosing and treating degenerative disc disease. (*Id.* at 6.)

The Court rejects Defendant's argument that simply because Dr. Cullen has never worked in a correctional setting and because she may have had a brief gap in practicing as a primary care physician she does not qualify as a competent medical expert in this case. *See Burton v. R.J. Reynolds Tobacco Co.*, 183 F. Supp. 2d 1308, 1312 (D. Kan. 2002) ("Any alleged gap in a [physician-expert's] qualifications goes to the weight of h[er] expert opinion and can be adequately addressed by cross-examination."). It appears to the Court that Dr. Cullen, a Board certified physician in Colorado since 2018, has had adequate training and experience to testify as to the care

(or lack thereof) that Mr. Noe received. Not only does she have several years of experience treating patients, including as a supervising physician, but she also has seen hundreds of patients treated or tested for UTIs and diagnosed and treated patients with degenerative disc disease, which is probative to the facts of this case.

Moreover, Dr. Cullen is of the same discipline—family medicine—as Dr. David Oba, the BOP physician that treated Mr. Noe. *See Harvey v. United States*, No. 04-cv-188-WYD-CBS, 2006 WL 1980623, at *1 (D. Colo. July 13, 2006) (precluding registered nurse expert where she was not trained and had never practiced as a physician or physician assistant, was not familiar with the practice standards for physicians in Colorado, and had never treated lung cancer patients in at least the prior ten years)[1]

The Court therefore finds that Dr. Cullen is qualified to testify as an expert in this case.

2. Reliability of Dr. Cullen's proffered opinions

Defendant's argue that Dr. Cullen's opinions offered in this case, related to unreasonable delays in the care Mr. Noe received, including a failure to suspect a different source for Mr. Noe's symptoms and pain, are unreliable because she does not specifically articulate a community standard of care and is relying on her experience as a young physician. *See* (Doc. 210 at 12–15). Mr. Noe counters that Dr. Cullen's review of thousands of pages of Mr. Noe's medical records and application of her training and experience as a physician to the facts of this case, including her experience treating patients with the same specific complaints as Mr. Noe, makes her opinion helpful and

---

[1] The court in *Harvey* also found that because the plaintiff had retained another expert who was qualified, "the striking of [the nurse's] expert report and preclusion of her opinion testimony would not prohibit the plaintiff from presenting other evidence on the standard of care." *Id.* It is the Court's understanding that Mr. Noe has not retained another expert in this case.

reliable. *See* (Doc. # 220 at 7–15). Mr. Noe further argues that Dr. Cullen's use of

specific terms in her opinions, such as "fell below the standard of care," "appropriate,"

and "unreasonable" sufficiently describe the general standard of care applicable in this

case. *See* (Doc. # 200 at 7, 15) (citing *McDowell v. Brown*, 392 F.3d 1283, 1296-97

(11th Cir. 2004) ("The standard of care . . . is universal, and does not diminish when the

setting is a jail rather than a hospital.")).

      The standard of care is often referenced, but can be difficult to define. As one

medical journal put it:

> The critical legal benchmark in determining a physician's failure to fulfill his
> or her professional responsibility is the concept of the standard of care.
> The standard of care is breached whenever the physician fails to fulfill the
> minimal duty of care by failing to meet minimal levels of competence and
> to exercise minimal levels of judgment. This concept, termed the
> "competence-based national nationstandard of care," recognizes uniform
> requirements nationally for admissions to medical school, medical school
> curricula, residency training, and specialty boards. The quality of medical
> care proposed by this national standard should show minimal geographic
> variability with respect to such key components as the thoroughness of
> examinations, indicated laboratory tests ordered, consultations requested,
> therapy provided, and the promptness of administration of therapy.

James W. Jones, MD, PhD, MHA, *Standard of care: What does it really mean?*, Journal

of Vascular Surgery, Dec. 2004, at 1255–56.

      Dr. Cullen clarified in her deposition that her opinions were based on the general

standard of care and practice—the general practice of medicine. *See* (Doc. # 210-1 at

21). Here, Dr. Cullen's opinions are not overly complex. For example, she is not

testifying as to a specific surgery method used or any other sort of rare subspecialty.

Instead, her opinions relate to whether Mr. Noe should have been seen sooner, whether

recommended consultations should have occurred sooner, and whether a primary care

physician should have recognized that there was possibly a different source of Mr.

Noe's symptoms than initially thought. *See* (Doc. # 210 at 3–7). When pressed for specific dates of when Mr. Noe should have been seen or when certain consultations should have occurred, she testified that based on her review of Mr. Noe's records, the specific delays that occurred, sometimes as long as 8 months to a year, fell below the standard of care and were unreasonable. *See* (Doc. # 210-1 at 7, 19, 23).

While Dr. Cullen's opinions may be general as to why BOP fell below the standard of care normally followed by a primary care physician, such as herself, the Court finds that her specialized knowledge as a Colorado- licensed physician who is Board certified in Family Medicine would be helpful to the Court in determining the particular issues in this case. "The reason for the requirement of expert opinion testimony in most medical malpractice cases is obvious: matters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience." *Gallardo v. United States*, 752 F.3d 865, 871 (10th Cir. 2014) (quoting *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990)). To the extent Dr. Cullen's opinion on the standard of care my not fully address the facts of this case, vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the appropriate means for challenging her opinion. *See Daberkow v. United States*, No. 06-cv-01282-REB-MEH, 2007 WL 2009717, at *3 (July 6, 2017). Defendant has also retained their own expert, Dr. Thomas D. Fowlkes, to rebut Dr. Cullen's testimony. *See* (Doc. # 221-1 at 75–135).

The Court therefore finds that Dr. Cullen's opinions are more likely than not to be helpful and reliable given her review of Mr. Noe's extensive medical records and the

application of her knowledge, training, and experience as a primary care physician to the facts of this case.

**C.    SUFFICIENT REMAINING MATERIAL DISPUTES FOR FTCA CLAIM**

Upon consideration of Defendant's Motion for Summary Judgment, the related briefing, the applicable law, and in light of the Court's above finding that Dr. Cullen's testimony is admissible, the Court finds that there are genuine disputes of material fact that preclude summary judgment on the remainder of Mr. Noe's FTCA medical negligence claim, including, but not limited to:

- whether Dr. Oba's failure to personally evaluate Mr. Noe until nine months after Mr. Noe's initial complaint was reasonable;

- whether Physician Assistant Seroski's referral to Dr. Oba was timely;

- whether the delay in Mr. Noe's appointment with a urologist was reasonable;

- whether Dr. Oba's failure to suspect a non-urinary or spinal source of Mr. Noe's symptoms was reasonable;

- whether the delay in administering pain medication to Mr. Noe was reasonable;

- whether Dr. Oba's review of Mr. Noe's urology clinical documentation was appropriate or reasonable; and

- whether the delay in Mr. Noe obtaining an MRI of his lumbar spine after it was allegedly recommended by a urologist was reasonable.

In light of the fact that there are material facts in dispute, the Court finds that summary judgment is not appropriate.

IV.     **CONCLUSION**

For the foregoing reasons, the Court ORDERS that Defendant's Motion to

Exclude Testimony of Plaintiff's Retained Expert, Kimberly A. Cullen, MD (Doc. # 210) is

DENIED. It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. #

211) is GRANTED IN PART dismissing without prejudice the portion of Mr. Noe's claim

relating to alleged medical negligence after July 7, 2022, and DENIED IN PART on the

remainder of Mr. Noe's FTCA medical negligence claim.

DATED: May 14, 2025

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge